NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| G.S., on behalf of K.S., a minor child,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>Defendant. | Civil Action No.: 16-8756 (CCC)<br><br>OPINION |

**CECCHI, District Judge.**

Plaintiff G.S., on behalf of K.S., a minor child, seeks review of a final determination by the Commissioner of the Social Security Administration ("Defendant"), which denied K.S.'s application for supplemental social security income ("SSI") payments under Title XVI of the Social Security Act ("SSA"). This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.[1] For the reasons set forth below, the Administrative Law Judge's ("ALJ") decision is vacated and remanded for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY[2]

Plaintiff is the parent of Claimant, an adolescent female who was born on March 20, 2001. (Tr. 39). On January 23, 2013, Plaintiff, on behalf of Claimant, filed for SSI benefits. (R. 10). After various requests for reconsideration, the application was denied and Plaintiff sought review of the determination by the ALJ. (*See generally* ECF No. 1). A hearing was held on March 12,

---

[1] The Court considers any arguments not presented by the parties to be waived. *See Brenner v. Local 514, United Bhd. of Carpenters & Joiners*, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

[2] "R." refers to the Administrative Record, which uses continuous pagination and can be found at ECF No. 7.

1

2015, where Plaintiff and Claimant testified. (R. 10). On June 5, 2015, the ALJ issued an opinion affirming the denial of SSI benefits. (R. 7-24). This appeal followed. (ECF No. 1).

Claimant suffers from the following disorders: 1) major depressive disorder; 2) post-traumatic stress disorder ("PTSD"); 3) attention deficit hyperactivity disorder ("ADHD"); 4) obsessive compulsive disorder ("OCD"); and 5) intermittent explosive disorder ("IED"). (R. 13). Despite these impairments, the ALJ concluded that Claimant did "not have any impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926)." (Id.). The ALJ also concluded that Claimant did "not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.92[(]a)." (R. 15). As such, the ALJ concluded that Claimant "has not been disabled, as defined in the [SSA], since January 23, 2013, the date the application was filed." (R. 24).

## II. LEGAL STANDARDS

### A. Standard of Review

This Court has jurisdiction to review the ALJ's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court must affirm the decision if substantial evidence supported the it. 42 U.S.C. § 405(g); *Markle v. Barnhart*, 324 F.3d 182, 187 (3d Cir. 2003). Courts are not "permitted to re-weigh the evidence or impose their own factual determinations," but must give deference to the administrative findings. *Chandler v. Comm'r Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also* 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla, and is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Chandler*, 667 F.3d at 359 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

### B. Determining a Minor's Disability

The Social Security Administration examines three requirements in evaluating whether a minor is disabled, namely:

> (1) that the child is not working; (2) that the child had a "severe" impairment or combination of impairments; and (3) that the impairment, or combination of impairments, was of Listing-level severity, meaning the impairment(s) met, medically equaled or functionally equaled the severity of an impairment in the Listings.[3]

*T.C. ex rel. Z.C. v. Comm'r of Soc. Sec.*, 497 F. App'x 158, 160 (3d Cir. 2012) (citing 20 C.F.R. § 416.924(a)).

With regard to the third requirement, to determine whether a child's impairment(s) are medically or functionally equal in severity to an impairment contained in the Listings, the Commissioner assesses all functional limitations caused by the child's impairment(s). *See* 20 C.F.R. § 416.926a(a). In assessing the child's functional limitations, the ALJ evaluates six domains of functioning: (1) acquiring and using information, (2) attending and completing tasks,

---

[3] 20 C.F.R. § 404, Subpart P, Appendix 1

3

(3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. 20 C.F.R. §§ 416.926a(b)(1)(i)-(vi) and 416.926a(b)(1).

If the child has an "extreme" limitation in one of the six domains or a "marked" limitation in two of the six domains, the child's impairment is functionally equivalent to a listed impairment. 20 C.F.R. § 416.926a(a). A limitation is "extreme" when the impairment "very seriously" interferes with the child's ability independently to initiate, sustain, or complete activities. 20 C.F.R § 416.926a(e)(3)(i). A limitation is "marked" when the impairment "seriously" interferes with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R § 416.926a(e)(2)(i). Also, a marked limitation is more than moderate, but less than extreme. *Id.*

In assessing functional equivalence, the ALJ is not required to "use particular language or adhere to a particular format." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). Rather, the ALJ must only "ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Id.*

### III.  DISCUSSION

Plaintiff asserts that the ALJ erred because she failed to "provide any explanation and[/or] analysis ... for her decision that [] Claimant [did] not meet or medically equal listings 112.04 and 112.06." The Court agrees. At Step One, the ALJ found that Claimant had not engaged in any substantial gainful activity. (R. 13). Next, at Step Two, the ALJ determined that Claimant suffered from the following severe impairments: 1) major depressive disorder; 2) PTSD; 3) ADHD; 4) OCD; and 5) IED. (Id.). At Step Three, the ALJ found that Claimant's impairment or combination of impairments do not meet or functionally equal in severity an impairment in the Listings, but did not support this conclusion with substantial evidence. Tr. 15-24.

First, the ALJ explained that Listing 112.04 (mood disorders) "requires a disturbance of mood ..., accompanied by a full or partial manic or depressive syndrome." (R. 14). The ALJ went on to note that a "disorder meets or medically equals the required severity when the evidence demonstrates a medically documented persistence, either continuous or intermittent, of major depressive syndrome." (Id.). Further, the ALJ correctly stated that "[t]he major depressive syndrome must be characterized by at least five of the ten criteria listed under 112.04A1, and for children [like Claimant], resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02." (Id.). Unfortunately, the ALJ's analysis ends there as she summarily concludes that "the record [did] not show the criteria listed above." (Id.).

As the Third Circuit has explained, "there is a particularly *acute need for some explanation by the ALJ she s/he has rejected relevant evidence or when there is conflicting probative evidence in the record*." *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (emphasis added); *see also Grimm v. Berryhill*, 2018 U.S. Dist. LEXIS 114268, at *10 ("Thus in order to facilitate review of the decision under the substantial evidence standard, *the ALJ's decision must be accompanied by 'a clear and satisfactory explanation of the basis on which it rests.'*") (emphasis added). Here, the ALJ failed to provide any explanation to support her conclusion that Claimant's disabilities did not meet or medically equal Listing 112.04. Indeed, a review of the record and the hearing transcript fails to reveal support, let alone by substantial evidence, for the conclusion that Claimant's disabilities did not meet or medically equal Listing 112.04. (R. 13-14; Tr. 14). Accordingly, the Court cannot conclude that the ALJ's conclusion was supported by substantial evidence.

The same is true for the ALJ's conclusion relating to Listing 112.06 (anxiety disorders). (R. 14). Once again, the ALJ explained what symptoms are necessary to qualify for this Listing

5

and types of disorders. (Id.). The ALJ went on to note that "[t]he listing requires medically documented findings of at least one of seven criteria under 112.06A and for children [like Claimant], resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02." (Id.). Once more, ALJ concluded her analysis at this point and found that Claimant did not meet or medically equal Listing 112.06. Just as with her analysis of Listing 112.04, the ALJ did not provide any reasoning or citation to the record to support her conclusion that Claimant did not meet Listing 112.06. As such, the Court cannot conclude that the ALJ's conclusion was supported by substantial evidence. Hence, this matter must be remanded for further proceedings.

Because this matter is being remanded, the Court need not address Plaintiff's additional arguments regarding the other purported errors the ALJ made at the subsequent steps of the analysis.

## IV. CONCLUSION

For the aforementioned reasons, the Court remands this matter for further proceedings that are consistent with the instructions contained herein. An appropriate Order accompanies this Opinion.

DATED: October 24, 2018

_____
CLAIRE C. CECCHI, U.S.D.J.